Peters et al. *v.* Spillman.

MARY L. PETERS *et al.*, Appellants, *v.* JOHN J. SPILLMAN, Appellee.

APPEAL FROM TAZEWELL.

A will which bequeaths all the property of the testator, real and personal, wheresoever it may be, carries with it property acquired after its publication, without a repetition of any formalities.

The question in relation to a bequest in such cases, is one of intention, not of power.

THIS was an action of ejectment, brought by the heirs at law of Onslow Peters, by their next friend, John Hamlin. The cause was submitted to the court, POWELL, Judge, presiding, without the intervention of a jury. The court found for the defendant, Spillman, and the plaintiff appealed.

The plaintiffs offered in evidence, and proved upon the trial of this cause, a regular chain of title from the United States to Onslow Peters, the ancestor of the plaintiffs, the said deed having been made to, and the title vested in, the said Onslow Peters, on the 10th day of January, A. D. 1855.

The plaintiffs then offered in evidence the will of Onslow Peters, dated the 13th day of September, A. D. 1838, and which said will was duly proved and admitted to record on the 11th day of March, A. D. 1856, which said will and the probate thereof are as follows, to wit:

I, Onslow Peters, do make and publish this, my last will and testament, hereby revoking all former wills by me made.

I bequeath all my property, real and personal, wheresoever the same may be, to my beloved wife, Hannah P. Peters.

I appoint my said wife the executrix of this, my last will and testament. My will is, that my said wife shall not be required to give any bond or security to the judge of probate for the faithful execution of the duties of executrix.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this thirteenth day of September, A. D. eighteen hundred and thirty-eight.

Plaintiffs then proved that Onslow Peters died on the 28th day of February, A. D. 1856. Hannah P. Peters, wife of the said Onslow Peters, died on the 6th day of October, A. D. 1856. Previous to her death, the said Hannah P. Peters, claiming under the will of the said Onslow Peters, as devisee in said will, to be the owner in fee of all the real estate, as well as personal, of which the said Onslow died seized, as well that which he acquired subsequent to the date of said will as that which was acquired prior to said will, on the 27th day of September, A. D. 1856, made her last will and testament,

which was duly proved and admitted to record on the 11th day of October, A. D. 1856, which said will and the probate thereof is as follows, to wit:

I, Hannah P. Peters, widow of the late Onslow Peters, deceased, of the city of Peoria and State of Illinois, being of sound mind and memory, do make and publish this, my last will and testament, revoking and annulling all others by me made:

1st. It is my will that all my just debts and that my funeral expenses be fully paid; also, that the just debts of my late husband, Onslow Peters, be fully paid and discharged, and to that end hereby authorize and empower my executors hereinafter named, or the survivor of them, to sell and convey such of my real and personal estate as may be necessary to fully pay said indebtedness, except such real estate as is herein conveyed to John Hamlin, in trust for my son, Hugh Peters.

2d. I give and devise unto John Hamlin, aforesaid, of the city of Peoria, Illinois, and his successor hereinafter provided for, the following described real estate, situate in the county of Peoria, and State of Illinois, to wit: All of my right, title and interest in and to the south-east quarter of section number seventeen (17), in township number eight (8) north, range number eight (8) east, in said county, containing twenty-two acres or thereabouts, and on part of which is now situated Thomas S. Dobbin's distillery, upon and for the trusts, intents, purposes, and with and subject to the powers and provisos hereinafter mentioned and expressed of, and concerning the same, that is to say, upon trust in the first place, that the said John Hamlin or his successor shall do by, and out of the rents and profits of the said premises duly satisfy and pay at all times and seasons hereafter, all taxes and charges as shall be legally assessed upon said land, or otherwise become legally chargeable upon the same. And also, that the said John Hamlin, or his successor, shall, during all the time and continuance of this trust, collect all rents due on said land by leases now outstanding, or by such other leases of any part or all of said premises as hereafter may be made by said John Hamlin, or his successor, of said premises, and to that end I hereby authorize and empower the said John Hamlin, or his successor, to take the sole charge of said premises not already leased; to renew all such leases that are now unexpired of such premises, or any part thereof, when the same shall expire, and generally in his discretion, and the discretion of his successor aforesaid, to make the best disposition by way of lease or leases of said premises, or any part thereof, for the purpose of procuring the greatest amount of yearly income from the same, in furtherance of the trust hereinafter described, and upon further trust that the

said John Hamlin, or his successor, shall and do hold and use all the net income of said premises, first for the support and maintenance and comfort of my son, Hugh Peters, for and during his natural life, and from time to time as shall be necessary, and in his the said John Hamlin or his successor's discretion, pay all or such part of said net income of said premises as shall be necessary for the support, maintenance, subsistence and comfort of the said Hugh Peters during his natural life; and my will is, and I do hereby direct, that the said John Hamlin, or his successor, shall, and do, from and after the decease of my said son, Hugh Peters, and after paying all expenses of the last sickness and funeral expenses of the said Hugh Peters, out of the net income of said premises, pay all the remaining surplus fund or funds in equal proportions to my remaining surviving children and their heirs (except as hereinafter provided), and deliver over to said surviving children and their legal representatives the said premises, so far as the said John Hamlin, or his successor aforesaid, can or shall control the same, in the possession of the said premises, and also deliver over to them or their legal representatives all titles, deeds, leases, vouchers and papers connected therewith; and it is my will that the said surplus and the said premises descend equally to my remaining children and their heirs forever, except as hereinafter provided. Should the said John Hamlin, from any cause, not accept the trust herein created, or should he die, resign, or from any cause be incapacitated to act as such trustee, it is my will that the judge of the circuit court of said Peoria county, and State of Illinois, shall appoint some fit and proper person to act as such trustee, and stand seized of the premises above described in as full and complete a manner as said John Hamlin will or can have by virtue of this will, and with all the powers, rights and duties herein conferred upon the said John Hamlin, and that the said judge shall fill any vacancy or vacancies, that shall or may happen, by reason of their being no trustee to carry out the trust above referred to.

3d. I give, devise and bequeath all my estate, real and personal, subject to the trust aforesaid, of whichever kind or nature, or wheresoever situated, unto my children, Mary L. Peters, Onslow Peters, Hannah B. Peters, Eugene P. Peters, and my son-in-law, George S. Blakeley, to them and their heirs forever, to be divided equally between them—share and share alike—except it is my will that the share of the said George S. Blakeley shall be for his natural life only, and from and after his decease shall descend in equal parts to my surviving children, their heirs and legal representatives forever.

4th. It is my will that my son, Onslow Peters, shall not in any manner, directly or indirectly, have the control or use of all or any part of the share of my estate herein devised to him, or that he may be entitled to by virtue of this will, either from the decease of said Hugh Peters or otherwise, until he shall have attained the age of twenty-five years, except in manner following : I hereby empower the said John Hamlin, or his successor, in the trust hereinbefore created, to take full and complete charge and control of the share that my said son, Onslow, shall be entitled to by virtue of this will, until the said Onslow shall arrive at the age of twenty-five years, and shall lease the real estate and make loans of any money that may be a portion of said share, until he, the said Onslow, shall arrive at the age of twenty-five years, and shall pay over to him all the net income devised therefrom, after deducting all legal charges and expenses arising out of and from the charges and control of his said share, and when he shall arrive at the said age of twenty-five years his said share shall be subject to his sole control and use forever, and the said trustee will, upon his arriving at said age, make full and complete settlement with him, the said Onslow, and deliver to him all papers, vouchers and moneys to him belonging, and shall, from time to time, until my said son shall again, at the age of twenty-five years, pay to him the said net income arising from his said share, as fast as the same shall be collected, if required.

5th. I hereby constitute and appoint my son-in-law, George S. Blakeley, and John Hamlin, and the survivor of them, executors and executor of this my last will and testament.

That the plaintiffs in this suit were the heirs and only heirs at law of the said Onslow Peters and Hannah P. Peters.

SCATES, C. J.  On the 13th day of September, 1838, O. Peters made and published his will, containing the following devise :

"I bequeath all my property, real and personal, wheresoever the same may be, to my beloved wife, Hannah P. Peters."

She was appointed sole executrix, and not required to give security as such.  After the publication of the will the testator acquired the land in controversy.

The only question is, whether this after-acquired land passed by the will?

The power to dispose of and convey land by will is a statutory, and not a common law power, and must, therefore, depend for its extent upon legislative intention, as indicated by and contained in the frame of the act.  The English acts, 32 Henry VIII., and 34 and 35 Henry VIII., and I presume it is so in those states of the Union which have adopted these

acts in substance, did not dispense with the common law requisite of seizin to enable a party to convey, which was as essential by will as by deed. Under those statutes it was, therefore, a question of power, and it was held that a testator could not pass after-acquired lands without a republication of his will, with proper language to include such lands, and with all the solemnities essential to the original execution and publication of his will.

In *Willis et al.* v. *Watson et al.*, 4 Scam. R. 64, we have settled the true construction of our statute of wills (Rev. Stat. p. 536, Sec. 1) and conveyances (id. p. 102, Sec. 1), as enabling a testator to convey by will after-acquired lands without republication. It is, therefore, a mere question of intention in the testator to pass such lands, and not a question of power when the intention is clear. The authorities referred to by plaintiffs, 7 John. R. 394; 9 ibid. 312, and 2 J. J. Marsh. R. 503, respect the question of power, and have no application here. The will is simple, plain, short and explicit. He gives all his property, real and personal, wheresoever the same may be. The intention here is plain and cannot be mistaken, and the power existed to carry that intention into effect.

There is no ambiguity in the language, neither is there any doubt or confusion growing out of the condition and circumstances of testator, devisee, or the subject matter of the devise, which calls for explanation of testator's intention, either by parol or other testimony. We need not, therefore, resort to the written memorandum of 12th January, 1856, nor pass upon its competency. When such difficulties are presented, the excellent rules laid down in Wigram's Treatise on Wills will aid essentially to remove all difficulty. See 1 Greenlf. Ev. Sec. 287 and note 3. We cannot entertain a doubt that this land passed, by the devise in O. Peters' will, to Mrs. Peters, and which did not descend to the plaintiffs, as heirs at law of O. Peters, in which right they have deraigned title.

*Judgment affirmed.*